UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAJIB SHOUCAIR,

        Petitioner,        Case Number: 06-CV-10725

v.        HONORABLE AVERN COHN

MICHIGAN DEPARTMENT OF
CORRECTIONS,

        Respondent.
_____/

**ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

This is a habeas case under 28 U.S.C. § 2254.  Petitioner Najib Shoucair (Petitioner) is a state inmate currently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, serving a three to twenty-five year term of imprisonment for placing an explosive with intent to destroy and causing property damage.  For the reasons described below, this is a successive habeas corpus petition and as such it must be transferred to the Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631[1] and 28 U.S.C. § 2244(b)(3)(A).

28 U.S.C. § 2244(b)(3)(A) provides, in pertinent part:

Before a second or successive application permitted by this section is filed

---

[1] 28 U.S.C. § 1631 provides, in relevant part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . .

> in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

Petitioner previously filed a petition for a writ of habeas corpus challenging the same conviction challenged in the pending petition. Petitioner's prior habeas corpus petition was dismissed because it was not timely filed. *See* Shoucair v. Kapture, No. 02-CV-10206-BC (E. D. Mich. March 25, 2003) (Lawson, J.). The Court of Appeals for the Sixth Circuit has held that when a habeas corpus petition is dismissed based on a procedural bar, such a dismissal is a dismissal "on the merits." In re Cook, 215 F. 3d 606, 607 (6th Cir. 2000). *Accord* Villanueva v. United States, 346 F.3d 55, 61 (2d Cir. 2003) (holding that a dismissal of a suit as untimely is a dismissal on the merits). Therefore, Petitioner's prior habeas petition, which was dismissed as untimely, was a dismissal on the merits.

Petitioner has not obtained from the Sixth Circuit authorization to file a second or successive petition in this Court. The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, the petition for a writ of habeas corpus shall be **TRANSFERRED** to the Court of Appeals for the Sixth Circuit.

**SO ORDERED**.

        s/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated:  March 2, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 2, 2006, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager
        (313) 234-5160